IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STEVEN FLOYD SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 108-143 |
| | ) |
| ASHLEY WRIGHT, District Attorney, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants.[1] See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part

---

[1] Following the filing of his original complaint, Plaintiff filed an amended complaint and amended brief. (Doc. nos. 6, 7). Although the preferred method for amending a complaint is to include all allegations in one document, Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999), as Plaintiff has presented no substantive changes to his complaint in his amendments, the Court will consider both Plaintiff's original complaint and his amendments in screening Plaintiff's claims. For ease of reference, all documents are referred to as "the complaint."

thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[2]

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Ashley Wright, District Attorney; (2) Augusta-Richmond County Consolidated ("ARCC" or "Government"); (3) the State of Georgia; (4) Sam Sibley, Public Defender, and (5) David R. Brunk, Public Defender.

From Plaintiff's complaint, the Court discerns that Plaintiff has been charged with one or more unspecified state offenses, has been arraigned, and has pled not guilty to the charges. (Doc. no. 6). However, there is nothing in the record to indicate that a trial has taken place or that Plaintiff has been convicted of any of the charges against him. Plaintiff has filed the instant complaint in which he alleges that Defendants Wright, ARCC, and the State of Georgia violated his due process and equal protection rights and denied him access to the courts by not setting a preliminary hearing in his case. (Doc. no. 1, pp. 5, 11). He alleges that he never waived his right to such a hearing, nor did he give the Public Defenders' Office or Defendants Sibley and Brunk permission to waive this right on his behalf. (Id. at 7). He goes on to contend that Defendants Wright, Sibley, Brunk, and the State of Georgia conspired to violate his due process and equal protection rights by "agreeing to not do any preliminary

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

hearings for individuals represented by the Public Defenders' Office in an effort to "cut costs." (Id. at 8, 10). Plaintiff maintains that because of budget cuts, Defendants Sibley and Brunk cannot provide Plaintiff with constitutionally effective assistance of counsel. (Id. at 9). He also alleges that Defendant Brunk rendered constitutionally ineffective assistance of counsel by failing to notify the judge at Plaintiff's arraignment that Plaintiff's co-defendant, Bruce Benziger, wanted to accept full responsibility for all the charges, but Defendant Brunk refused to do so. (Doc. no. 6, pp. 1-2). He contends that this alleged error has prejudiced him because his co-defendant no longer wishes to "accept[] responsibility for his actions." (Id. at 2). Plaintiff alleges that following the arraignment, he wrote several letters to Defendant Brunk asking him to "file for a hearing in the proper court" to address these alleged violations of his constitutional rights and to file a motion to dismiss the charges based on these alleged violations, but Defendant Brunk has refused to do so. (Id. at 3). Finally, Plaintiff alleges that Defendants Wright, ARCC, and the State of Georgia are "rushing" to indict Plaintiff in violation of his due process and equal protection rights.[3] (Id. at 3-4). From each Defendant, Plaintiff seeks compensatory damages in the amount of $2.5 million, punitive damages in the amount of $2.5 million, and "triple indemnity" damages. (Doc. no. 1, pp. 19-22).

---

[3] As Plaintiff has already been indicted and arraigned on his state charges, there is no merit to Plaintiff's claim that these Defendants are "rushing" to indict him.

3

## II. DISCUSSION

### A. Failure to State a Claim Under § 1983

The gravamen of Plaintiff's complaint is that he was not afforded a preliminary hearing in violation of his due process and equal protection rights and that various Defendants agreed not to afford him and others represented by public defenders preliminary hearings. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). However, there is no federal constitutional right to a preliminary hearing. Harris v. Estelle, 487 F.2d 1293, 1296 (5th Cir. 1973).[4] Thus, Plaintiff's claim that he is entitled to damages because he did not receive a preliminary hearing fails as a matter of law and should be dismissed.

Furthermore, in order to prove a conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. See Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specific allegations as to how an agreement between a myriad of Defendants, including the State of Georgia and several state employees, may have been reached to violate Plaintiff's rights. Even assuming *arguendo* that Plaintiff had sufficiently alleged that an agreement was reached, Plaintiff's conspiracy claim would still fail because

---

[4] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

4

he has proven no "actionable wrong," as there is no federal constitutional right to a preliminary hearing. Harris, 487 F.2d at 1296. Thus, Plaintiff's conspiracy claim also fails as a matter of law and should be dismissed. While the Court has determined that the underlying claims against all Defendants should be dismissed, in an abundance of caution, the Court will address Plaintiff's more specific claims as they relate to each Defendant.

**B.    Defendants Sibley and Brunk**

As to Defendants Sibley and Brunk, Plaintiff fails to state a claim upon which relief may be granted. As stated above, the Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West, 487 U.S. at 48 (citations omitted) (emphasis added). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law). The allegations against Defendant Brunk, Plaintiff's attorney, only pertain to his traditional duties as counsel in Plaintiff's criminal case, and therefore, he was not acting under color of state law. Thus, even if Plaintiff had established an underlying claim pursuant to § 1983, his claim against Defendant Brunk would still fail.

5

Plaintiff seeks to hold Defendant Sibley liable under a theory of *respondeat superior*. However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has failed to allege that Defendant Sibley personally participated in an alleged constitutional violation. While Plaintiff alleges Defendant Sibley personally participated in the decision not to afford a preliminary hearing to defendants represented by the Public Defenders' Office in an effort to cut costs, the Court has already determined that no constitutional violation has occurred, and thus there is no basis for a claim of *respondeat superior* under this prong of the Hartley test.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Sibley and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[5] puts the responsible supervisor on notice of the need to correct the

---

[5] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official

alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has alleged none of the above with respect to Defendant Sibley, and thus there is no basis for imposing *respondeat superior* liability under this second prong of the Hartley test. Even assuming *arguendo* that Plaintiff had established a "causal connection," Plaintiff's claim would still fail as there has been no constitutional deprivation. In sum, Plaintiff has failed to state a claim against Defendant Sibley, and all claims against him should be dismissed.[6]

---

must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[6]Plaintiff also makes allegations that Defendants Brunk and Sibley rendered constitutionally ineffective assistance of counsel, thereby attacking, albeit prematurely, the validity of his future conviction in a § 1983 action. Such a claim is improper, as a writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Here, it appears that Plaintiff's state criminal case has not even proceeded to trial, inasmuch as he alleges that counsel's deficient performance "will *most likely* get [him] convicted." (Doc. no. 6, p. 2) (emphasis added). Thus,

7

## C. Defendant Wright

Plaintiff has also failed state a claim upon which relief may be granted against Defendant Wright. "A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Wright, the District Attorney, only pertain to her traditional duties as counsel for the government in Plaintiff's criminal case, and therefore, she is entitled to absolute immunity. Even if this Court were to find that Defendant Wright was not immune from suit, any claims against her would be foreclosed by the fact that Plaintiff has failed to allege a basis for suit under § 1983. Accordingly, Plaintiff's claims against Defendant Wright should be dismissed.[7]

## D. Defendant ARCC

Plaintiff has also failed to state a claim upon which relief may be granted against Defendant ARCC. It is well-settled that the Eleventh Amendment does not protect counties from suit. Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 43 (1994) ("[T]he Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice

---

even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, much less had the opportunity to pursue those remedies, and his petition would still be subject to dismissal.

[7]As Plaintiff has not requested relief against Defendant Wright in her official capacity, the Court presumes that Plaintiff seeks to sue Defendant Wright in her individual capacity for monetary damages only. Accordingly, the Court need not address any official capacity claims. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (holding that the Eleventh Amendment bars official capacity damage actions against state officials "when . . . the relief sought and ordered has an impact directly on the state itself").

of state power.'" (citation omitted)); see also Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1314 (11th Cir. 2005) (recognizing the well-settled principle that counties "enjoy[] neither Eleventh Amendment nor state law sovereign immunity"). At the same time, local government units such as counties are not vicariously liable for the actions of their employees based simply on the existence of an employer-employee relationship, though they may be held liable for an official policy or custom that deprives individuals of their constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 692 (1978); see also Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991) (noting that "[i]t is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of *respondeat superior*" (citations omitted)). Even those policies and customs that have not received formal approval by the local decision-making bodies may still provide a basis for a § 1983 suit. Monell, 436 U.S. at 691 (quoting Adickes v. S.H. Kress Co., 398 U.S. 144, 167-88 (1970)).

Here, Plaintiff has alleged that Defendant ARCC is responsible for the misconduct of Defendant Wright, the county's District Attorney. However, Defendant ARCC is not liable for the actions of Defendant Wright as one of its employees unless Defendant Wright was acting pursuant to an official policy or custom that deprived Plaintiff of his constitutional rights. While Plaintiff has alleged that the State of Georgia, Defendant Wright, and Defendants Sibley and Brunk agreed that defendants represented by the Public Defenders' Office would not be afforded a preliminary hearing, Plaintiff makes no such allegation against Defendant ARCC. Even had Plaintiff done so, he has still failed to demonstrate that

the alleged denial of a preliminary hearing provides a basis for relief under § 1983. In sum, Plaintiff has failed to allege that Defendant ARCC is responsible for the deprivation of any constitutional right or otherwise allege a basis for imposing liability, and his claims against Defendant ARCC should be dismissed.

E. **Defendant State of Georgia**

Finally, Plaintiff has failed to state a claim against the State of Georgia, as the state is immune from suit under § 1983. See, e.g., Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993) ("The state of Georgia is immune to suit for any cause of action unless sovereign immunity is expressly waived by constitutional provision or statute."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) (suit against State under § 1983 barred by Eleventh Amendment). Moreover, even if the Court were to find for some reason that the State of Georgia was not immune from suit, any claims against the State of Georgia would again be foreclosed by the fact that Plaintiff has failed to allege a basis for suit under § 1983. Thus, Plaintiff's claims against the State of Georgia also fail and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of December, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE